Per Curiam.

It is well settled, that the payment of a part of a debt due is no consideration to support a promise to give further time for the payment of the balance. [Peabody v. Knox, 12 J. R. 426.] And it has also been decided, that an agreement for delay, without consideration made between the principal debtor and his creditor, does not discharge the surety. An agreement to have that effect, must be a binding agreement, or one to the prejudice of the surety. [12 Wheat. R. 556, McLoman v. Penell.] So also a negotiation for delay, upon terms not "finally accepted, does not discharge the surety, though there is actual delay, there being no binding contract to prevent a suit against the principal at any time. [3 Pri. Ex. Rep. 521, Badnall v. Samuel.]
In this case, the court does not perceive any such binding agreement, nor that the endorser was in any way prejudiced. The general foundation of the action is therefore well laid, and the plaintiffs are entitled, at all events, to a verdict.
There is another question, however, as to the amount to be recovered, which is certainly in favour of the defendant. It is a *189 familiar principle, that a debtor, who pays money to his creditor, being liable to him upon more accounts than one, has a right to direct the application of the payment to whichsoever subject he may choose. If he neglect to do this, the creditor may direct the application, and in the absence of any appropriation by either of the parties, the payments will either be applied to the claims first due, or in such way as to do justice between the parties.
In this case it is clear, that the debtor did apply the payment of the two hundred dollars either to the note in question, or that he paid it on the general account of both notes. Upon this point, the Judge’s charge was perfectly correct, and the jury have found against the charge and the law. There must, therefore, be a new trial, to reduce the amount of the verdict. At the new trial, the jury must apply either the whole payment to the defendant’s note, or they must give him credit for such a relative proportion as the payment bears to the endorsed note, according as they shall find, that the payment was in fact made on this specific note, or on the general account of both. It is very evident, that the makers never intended to apply the whole payment to the note, which was not endorsed, nor could it have been so understood by the plaintiffs at the time. The payment was not made generally without any appropriation, and the jury must therefore say to what subject it was applied.

New trial granted.

[P. A. Cowdry, Att’y for plffs. W. A. Seely, Att’y for deft.]
Vide p. Wendell’s Rep.