UTICA,
July, 1834.

Seaman
v.
Seaman.

---

## I. SEAMAN *vs.* E. & J. SEAMAN.

The withdrawing of a *caveat* by an *heir at law* to the proving of the will of his ancestor, is a sufficient consideration to support a promise by the *devisees* for the payment of a specific sum of money to the heir.

It is necessary, however, in such case to aver in the declaration that the *heir* would have reaped a benefit if the will had not been proved.

Where the allegation was, that by the will the testator had devised his estate to the *defendants* and *others*, and it was omitted to be averred that no provision was made by the will for the plaintiff, or that the provision made for him was not equal to that of his co-heirs, the declaration was held *bad* on demurrer.

THE plaintiff in this case declared that *Samuel Seaman*, the father of the plaintiff and of the defendants, in his lifetime made and published his last will and testament, whereby he devised and bequeathed to the *defendants and others* a large amount of property real and personal ; that after the death of his father, and before the proving of the will, he, the plaintiff, had become and was greatly dissatisfied with its contents and provisions, and especially in regard to doubts entertained by him in relation to the sanity of the testator at the time of the execution of the will, and that he accordingly filed a *caveat* in the office of the surrogate against the proof and allowance thereof. That thereupon the defendants, on the 9th April 1828, in consideration that he, the plaintiff, would withhold all opposition to the proving of the will, promised, in case the will should be proved and allowed by the surrogate, to pay to the plaintiff the sum of $500. The plaintiff then averred that in consideration of the promise of the defendants, he

promised to withhold all opposition thereafter to the proving and allowing of the will, and that he accordingly made no further opposition thereto, and that the will was thereupon duly proved and allowed by the surrogate, and letters testamentary issued thereon to the defendants, named and appointed in and by the will executors thereof; whereby the defendants became liable to pay, &c. and being so liable, promised, &c. To this declaration the defendants demurred.

*I. M. Ely*, for the defendants.

*T. C. Pinckney*, for the plaintiff.

*By the Court,* NELSON, J. The only important question arising upon the demurrer in this case, is, whether a sufficient consideration appears in the declaration to sustain the assumpsit of the defendants. If the declaration distinctly shows that the plaintiff would have derived a benefit resulting from the avoidance of the will of his father, I think there can be no doubt he has suffered damage or detriment, though the defendants have not received a benefit sufficient to create a good consideration. He had filed a *caveat* with the surrogate, and was entitled thereby to contest the validity of the will in due form of law. 1 R. L. 446, § 9. Laws of 1823, p. 63, § 3. This right, secured to him by law, he gave up in consideration of the agreement upon which the suit is brought. Whether he would have succeeded in the litigation is not the test; if this were so, there would be no security nor any thing gained by compromising a doubtful or litigated claim by stipulation to be afterwards fulfilled; for, then, to procure a fulfilment of it, the party would be obliged to show he gave up a right or claim which he could have enforced at law, and the old controversy must be litigated over again. It is enough that he yielded to his adversaries the *right he possessed* to contest the will; that he has done, and the compromise itself proves *prima facie* an acknowledgment by the defendants that there was color for his objections. The following cases contain principles applicable to this point: 3 Burr. 1673, per Yates. J.: Any damage to another, or suspension, or forbear-

ance of his right, is a foundation for an understanding, and will make it binding, though no actual benefit accrues to the party undertaking. If it be a departure from any right, it will be sufficient to graft a verbal promise upon—*Wilmot, J.* p. 1672: The compromise of a doubtful right is a sufficient foundation for an agreement. Newl. on Con. 78. 1 Atk. 10. 1 Ves. 450. Powell on Con. 356. Comyn on Con. p. 12, note 13, and cases. We can perceive nothing exceptionable in this agreement on the score of public policy, beyond that of settling any claim which a party has a right to litigate in a court of law. The plaintiff had a perfect right to contest the will, or to compromise the difference. As a general rule, any right that may be litigated, may be settled by the parties. As, however, it does not sufficiently appear in the declaration that the plaintiff was *particularly* interested in setting aside the will of his father, and without this he could have no interest in contesting it before the surrogate, and of course lost nothing by the agreement, I think the demurrer well taken.

Judgment for defendants, leave to amend on payment of costs.