[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 392 
The questions in this case arise upon a statement of facts agreed upon by the parties pursuant to section 372, etc., of the Code. Those questions are: First. Whether the claim made by Campbell, of the plaintiff, for the money paid by it to the sheriff, having been finally adjudged invalid, was within the provision of the bond, so as to enable the plaintiff to recover of the obligors the legitimate expenses incurred and paid in defending the action brought by Campbell against it for its recovery. Second, whether the bond is void for want of any consideration. It appears from the opinion given at General Term that it was there held that the claim made by Campbell was not within the provisions of the bond, for the reason that it was invalid, and so finally adjudged by the court before which he sought to enforce it; but that had such claim been valid, and the plaintiff had been adjudged to pay and had paid it, it would have been included in such provisions. In short, that the bond included only a valid claim, such as the plaintiff was ultimately compelled to pay. The language of the condition is, that the obligors, etc., do hereby *Page 394 
promise, covenant, etc., to and with the Home Insurance Company, to indemnify, and they do by these presents indemnify, and will at all times hereafter indemnify, save, defend and keep harmless the said Home Insurance Company of, and from the claims of the said James T. Campbell, and of all other persons claiming or to claim the said moneys so paid by said insurance company to said sheriff, and of and from all costs, damages and expenses that shall or may happen or arise therefrom. It will be seen that the question is, whether the word claims, as used in the bond, was intended to include such only as were valid, and which were in fact enforced by legal proceedings, or was intended to embrace such as were asserted by legal proceedings, causing necessary expenditure in the defence, although ultimately adjudged invalid. In Lawrence v. Miller (2 Comst., 245), GARDENER, J., says: "The ordinary signification of claim is that of a right or title, actual or supposed, to a debt, privilege or other thing in the possession of another." I think that this is the general understanding of the word. When one says that another claims to be the owner of a farm or other property in the possession of the speaker, no one understands him as admitting that he has a valid title thereto. It can hardly be supposed that one would ever indemnify another against the claim of a third which he knew to be valid, and which in all probability would be successfully prosecuted. Indemnities are usually taken for protection against claims more or less doubtful, and such as there is an expectation of successfully resisting; and when they are so resisted, by the necessary expenditure of money by the party receiving the indemnity, to hold it not within the condition of the bond for this reason would defeat the very object of the parties to the instrument. In Chamberlain v. Beller (18 N.Y., 115), the court held, after determining that the bond was valid, that a recovery could be had for money expended by the obligee in a successful defence against the claim made. My conclusion is, that the claim made by Campbell was embraced in the condition of the bond. *Page 395 
This brings us to the inquiry whether the bond was void for want of consideration. At common law the seal of the obligors was conclusive evidence of a sufficient consideration. This, in case of actions upon sealed instruments and set-offs founded thereon, has been changed by statute. (2 R.S., 406, § 77.) By this the seal is made presumptive evidence only of a sufficient consideration. The obligor, under this statute, has the right to avoid the instrument if he can by showing that there was no sufficient consideration for the contract; but the onus is upon him to establish this. From the facts agreed upon it appears that the proceedings in the action brought by the Carolins against Campbell had been regularly prosecuted to judgment; that the debt from the insurance company had been regularly attached; that the sheriff, having an execution against Campbell, demanded payment of the debt from the company that he might apply the proceeds upon the execution; that there was no dispute as to the debt. The case states, in substance, that there was no other consideration for the bond than forbearance to defend an action for the recovery of the attached debt and the payment, without suit or delay by the company, of so much thereof as would satisfy the judgment, and that immediately upon the execution and delivery of said bond. Under the facts stated in the case the sheriff had a right, and it was his duty, to prosecute an action for the recovery from the company of this debt it owed to Campbell. Against such action the company had no defence, unless some other person had a claim to the money valid as against the attachment. The voluntary performance of a legal obligation, as to the validity of which there is no doubt, will not constitute a sufficient consideration for a contract. By such performance can either party be legally supposed to have derived any benefit or sustained any injury. (McDonald v. Neilson, 2 Cow., 139;Crosby v. Wood, 6 N.Y., 369.) But if the obligation or right be doubtful a waiver of the right to contest it constitutes such consideration. (Russell v. Cook, 3 Hill, 504; Seaman v.Seaman, 12 Wend., 381; Palmer v. North, 35 Barb., 282.) The bond *Page 396 
is made an exhibit in and constitutes a part of the case. It recites that said moneys are or may be claimed by parties other than Campbell, and then indemnifies the defendant against such claims as well as any that might be made by Campbell. Now, it does not appear that it was at that time known that no such valid claim to the money existed. Whether so or not was probably regarded as doubtful. If there were any the defendant could interpose them as a defence to the action. He waived this right as a consideration for the bond.
But it may be said by the counsel for the defendant that it does not appear affirmatively that any such doubtful claims were made or apprehended. The answer to this is, that the seal presumptively proves a consideration. The onus was upon the defendants to show that there was none. It was upon him therefore to show that there were no such claims, and not upon the plaintiff to establish the contrary. This they have failed to do. They are therefore liable upon the bond for the money necessarily expended by the plaintiff in defending the action of Campbell, not exceeding the penalty of the bond.
The judgment of the Supreme Court must be reversed and judgment given for the plaintiff, with costs. The amount to be fixed by the Supreme Court.
All concur, except ALLEN and FOLGER, JJ., dissenting.
Judgment reversed and judgment accordingly.