DAVIS, *Ap't*, *v.* SMITH, *Ap'ee.*

A creditor who has such information of the appointment of an administrator as would be given by a notice posted at a public place, as required by Gen. St., *c.* 173, *s.* 14, cannot avoid the statute of limitations on the ground that such a notice was not posted.

When one of two residuary legatees, being sole executor, gives the administration bond of a residuary legatee (Gen. St., *c.* 176, *s.* 13) instead of the ordinary administration bond (*s.* 12 of the same chapter), the administration is not thereby suspended, for the purpose of avoiding the statute of limitations, in favor of creditors amply protected by the residuary-legatee bond.

PROBATE APPEAL. Facts found by a referee. The plaintiff and his brother were residuary legatees of their father. The plaintiff, being sole executor, gave the bond of a residuary legatee, and did not post a notice of his appointment at a public place. The defendant, who claims to be a creditor of the testator, has understood, ever since the testator's death, that the plaintiff was executor. After the lapse of three years, the settlement of the estate being completed, the residuary legatees being in bankruptcy, the real estate being held by innocent purchasers, and the defendant's claim being barred by the statute of limitations unless the administration can be defeated or suspended, the defendant petitioned the probate court for the removal of the plaintiff from the office of executor ; and, upon the defendant's petition, the plaintiff, failing to furnish an ordinary administration bond as then required by the probate court, was removed. From the decree of removal the plaintiff appealed.

*Jewell*, for the plaintiff.

*Hibbard*, for the defendant.

The defendant's right to maintain a suit was not barred.

1. Because the appellant never posted any notice of his appointment as executor, as required by Gen. St., *c.* 176, *s.* 14. The notice required by law is indispensable. *Hawkins* v. *Ridenhour*, 13 Mo. 125, 130 ; *Steuart* v. *Carr*, 6 Gill (Md.) 430 ; *Lee* v. *Patrick*, 9 Ired. L. (N. C.) 135, 137 ; *Gilliam* v. *Willey*, 1 Jones Eq. (N. C.) 128. The same rule is recognized in *Dolbeer* v. *Casey*, 19 Barb. 149, 155, although not there applicable.

2. Because the appellant never gave any bond as required by Gen. St., *c.* 176, *s.* 12.

The bond actually given by him was void, for two reasons :

1. Because, not being a sole residuary legatee, he was not a residuary

legatee within the meaning of Gen. St., *c.* 176, *s.* 13.  *Tappan* v. *Tappan*, 24 N. H. 400, 404; *Heydock* v. *Duncan*, 43 N. H. 95, 99.

2.  Because the widow did not inform the judge in writing that she accepted the provisions of the will, as required by Gen. St., *c.* 176, *s.* 13. That this is also indispensable, is assumed by BELL, C. J., in *Morgan* v. *Dodge*, 44 N. H. 262, 264, and admits of no doubt.

The appellant, " having given no bond such as the statute requires, cannot be regarded as having the trust of executor."  *Tappan* v. *Tappan*, before cited.  By the express terms of Gen. St., *c.* 176, *s.* 12, he is not to be " considered as having that trust" until he has given bond to the judge as that section prescribes.  He is not entitled now to settle an account as executor (*Tappan* v. *Tappan*, above cited), but stands like any other executor, *de son tort.*

" By our statute, the judge of probate has no jurisdiction or authority to appoint an executor until he has given such a bond as the law requires ;" and this appointment was utterly void.  *Heydock* v. *Duncan*, before cited.

FOSTER, J.   The only causes of the plaintiff's removal were, his failure to post a notice of his appointment at a public place, and his giving a residuary-legatee bond, and no other.   The only object to be accomplished by his removal is, to enable the defendant to avoid the statute of limitations, and obtain payment of his claim out of real estate now held by innocent purchasers.   The defendant's case is devoid of equity ; and if, on other points, the law were with him, it would be necessary to consider the question of estoppel.   But he does not stand in a position to deny the original or the continued validity of the administration.   Having that knowledge of the appointment of the executor which a posted notice would give, he cannot complain that no notice was posted.   The statute requires the posting of a notice of his appointment, by an executor or administrator, at some public place—Gen. St., *c.* 176, *s.* 14; but if a party interested has actual and reasonable notice of such appointment, as to him, the form and manner of the notice are non-essential.   Where the provision of a statute is the essence of the thing required to be done, it is mandatory ; otherwise, when it relates to form and manner ;—and where an act is incident, or after jurisdiction acquired, it is directory merely.   Potter's Dwarris on Statutes 222, note 29 ; *U. S. Trust Co.* v. *U. S. Fire Ins. Co.*, 18 N. Y. 199, 220 ; *People* v. *Allen*, 6 Wend. 487 ; *Wood* v. *Chapin*, 13 N. Y. 509 ; *Marchant* v. *Langworthy*, 6 Hill 646 ; *Rex* v. *Loxdale*, 1 Burr. 447.

Being perfectly protected by the bond that was given, the defendant cannot complain that a different bond was not required.   The irregularities in the notice and bond did not affect his rights.   So far as he is concerned, the plaintiff's appointment was valid, and the administration was not suspended.   His claim is barred by the statute of limitations.

In this view of the matter, we are not brought in conflict with *Tap-*

pan v. *Tappan,* 24 N. H. 400, and *Heydock* v. *Duncan,* 43 N. H. 95, cited by the defendant.

In *Morgan* v. *Dodge,* 44 N. H. 255, the decree was reversed because the executrix was sole residuary legatee. In the *dictum* concerning the suspension of administration in favor of creditors, in such a case as this, we do not concur.

The statute, under which the original administration was granted, contemplates and provides that the widow shall inform the judge in writing that she accepts the provisions of the will. This was not lone. The provision is one intended for her benefit, and which she night waive. But we are not called upon to decide what rights she might have. If she might complain, the defendant does not stand in er position, and is not authorized to complain for her.

*Decree reversed.*