## GOVE v. NEWTON.

58   358
70   528

As against an owner of land to whom a tax is assessed, the land may be sold for the tax by the collector, after as well as before the expiration of the lien created by Gen. St., *c. 54, s.* 13.

A tax collector is not liable for an assessment shown by his warrant and list, or any other evidence, to be illegal, nor for any cause whatever, except his own official misconduct.

It is his duty to exhaust his authority in reasonable efforts of collection, without regard to his opinion of the regularity or legality of the assessment.

His forbearance, at A's request, to sell land which his duty requires him to sell for a tax, until the advertised time of sale has passed, is a good consideration for A's promise to pay him the tax.

ASSUMPSIT, on a special promise of the defendant to pay a tax. Demurrer to the declaration.

*Wait,* for the defendant.

I. The declaration shows the defendant's promise was without consideration.

1. The tax was invalid because assessed (as the declaration alleges) "by the town of G.," and not by the selectmen. As the selectmen, in the assessment of taxes, act as public officers and not as agents of the town (*Wadsworth* v. *Henniker*, 35 N. H. 189, 194; *Gove* v. *Epping*, 41 N. H. 539; *Merrill* v. *Plainfield*, 45 N. H. 126; Cooley on Taxation 570, *n.*), a tax assessed by them is not assessed by the town.

2. The tax was invalid because assessed "to the estate of E. G.,

deceased," and not to any person or corporation. Gen. St., *c.* 50, *ss.* 19, 20 ; *c.* 54, *ss.* 2, 4.

3. The year in which a tax could be collected by sale of real estate (Gen. St., *c.* 54, *s.* 13) had expired.

In forbearing to sell the land, the plaintiff merely omitted a wrongful and ineffectual act. A sale would have passed no title, and would not have affected the rights or interests of either party. The forbearance was not injurious to the plaintiff or beneficial to the defendant. *Haynes* v. *Thom*, 28 N. H. 386 ; *Kidder* v. *Blake*, 45 N. H. 530, and cases cited ; *Dunbar* v. *Marden*, 13 N. H. 311 ; *Wade* v. *Simeon*, 2 C. B. 548 ; *Kelley* v. *Noyes*, 43 N. H. 209 ; *Clark* v. *Bragdon*, 37 N. H. 562, 566.

II. The consideration was illegal. The collector was a public officer, and not an agent of the town. And his alleged agreement to forbear to collect a legal tax was an unlawful and void contract. It was not binding on him or the town, and would not prevent the collection of the tax by sale of the land. If he had paid the money to the town at the defendant's request, he might recover for money paid, regardless of the tax. *Kelley* v. *Noyes*, 43 N. H. 209. For neglect to collect a legal tax, whereby it is lost to the town, he may be liable on his official bond. But the declaration does not show that he has incurred any loss or liability.

*Burke*, for the plaintiff.

SMITH, J. The declaration was evidently intended to set forth the following facts. In 1875, the selectmen of G. assessed a tax upon the estate of E. G., deceased. The property was taxed to the estate of E. G. In January, 1877, no goods or chattels having been exposed whereon distress could be made, the defendant being administrator of the estate, which was in the process of settlement in the insolvent course, and the plaintiff being the collector of taxes, and having given notice of a sale of the land of the estate for the tax by posting the advertisements required by Gen. St., *c.* 54, *s.* 14, the defendant, in consideration that the plaintiff, at the defendant's request, would forbear to sell the land, promised to pay the plaintiff the amount of the tax on demand ; and the plaintiff, relying on the defendant's promise, forbore to sell the land, and the time of sale named in the notice passed.

It is not alleged that the estate was insolvent, or that the defendant was entitled to the rents and profits, or the possession of the real estate *(Lucy* v. *Lucy*, 55 N. H. 9), or that it was necessary for him to sell the land to pay debts, or that he had any interest in the land or the payment of the tax *(Hibbard* v. *Clark*, 56 N. H. 155), or was under any obligation, legal or moral, to pay the tax, or derived any benefit, personal or official, from the plaintiff's forbearance.

As the consideration must have some value and reality, the plaintiff's assumption of a supposed risk or liability having no foundation

in law or fact, would not be sufficient. *N. H. Sav. Bank* v. *Colcord*, 15 N. H. 119, 124; *Haynes* v. *Thom*, 28 N. H. 386, 401; *Kidder* v. *Blake*, 45 N. H. 530, 532; *Hamaker* v. *Eberley*, 2 Binn. 506, 509; *Jones* v. *Ashburnham*, 4 East 455; *Edwards* v. *Baugh*, 11 M. & W. 641; 1 Parsons on Con. 437; Metcalf on Con. 172.

The real estate of every person against whom a tax is assessed is holden for such tax for one year from the first day of June following, and may be sold by the collector in case such person neglect to expose goods and chattels whereon distress may be made. Gen. St., *c.* 54, *s.* 13. The lien and the power of sale are different and independent rights. As against purchasers and attaching creditors, the lien lasts but a year. As against the owner to whom a tax is assessed, real estate may be sold by the collector without the lien, as a debtor's property may be taken on execution after the lien of an attachment is dissolved.

It was the official duty of the plaintiff to make reasonable exertions to collect the taxes which his warrant required him to collect. *Colerain* v. *Bell*, 9 Met. 499. He was not an arbitrator or a legal adviser of the town. It was not his duty or right to decide the legality of any part of the assessment. On that subject he is protected by his warrant. *Kelley* v. *Noyes*, 43 N. H. 209, 210; *Clark* v. *Bragdon*, 37 N. H. 562, 566; *State* v. *Roberts*, 52 N. H. 492, 498; *Roberts* v. *Holmes*, 54 N. H. 560; *State* v. *Weed*, 21 N. H. 262. He is not liable by reason of any irregularity or illegality of the proceedings of the town or the selectmen, nor for any cause whatever except his own official misconduct. Gen. St., *c.* 54, *s.* 16. And, as he is not liable for any irregularity or illegality of their proceedings, he is not authorized to decide whether their proceedings are regular or irregular, legal or illegal. A tax is not to be practically abated, nor its collection suspended, upon any opinion he may entertain on the question whether his warrant or any other evidence shows an illegality in the assessment. They who are taxed, and they who are interested in property that is taxed or in danger of being sold for taxes, are amply protected against an illegal or unjust assessment. Selectmen, for good cause shown, may abate a tax; and there is a right of appeal from them to a court authorized to make such order as justice requires. Gen. St., *c.* 50, *ss.* 21, 22, 23; *c.* 53, *ss.* 10, 11; *Perry's Petition*, 16 N. H. 44; *Briggs' Petition*, 29 N. H. 547, 551; *Manchester Mills* v. *Manchester*, 57 N. H. 309. The immunity of the collector, and the statutory remedy of persons aggrieved by assessments, do not justify the collector in abstaining from any necessary and reasonable effort to execute his warrant. In some cases he may properly present to the selectmen the question of abatement before making distress, sale, or arrest. But, in general, when the selectmen refuse to abate a tax, or when there is no good reason for raising the question of abatement, he cannot excuse himself for any failure to exhaust his authority in reasonable efforts of collection. Cooley on Taxation 500.

If the assessment in this case was legal, the plaintiff's sale of the

land would be legal; and his execution of his warrant could not be made unlawful by any defect in the assessment. His sale of the land would expose him to no liability. *Noyes* v. *Haverhill,* 11 Cush. 338, 341. The tax not being abated, it was his duty to sell the land, if there was reasonable cause to believe the tax would be obtained by a sale. Whatever legal opinions might prevail as to the effect of his sale upon the title of the land, it was his duty to consider the probability of getting the tax. The defendant's promise to pay the tax when a sale was advertised, shows the propriety of the plaintiff's aiming at practical results rather than the solution of a question of law. When the plaintiff's notice of his intended sale drew forth the defendant's promise to pay the tax, there was some reason for regarding a sale as a reasonable effort for the plaintiff to make. The defendant's promise was an admission of a probability that some one would pay the amount of the tax for the tax title. Such a title might be of some value to somebody. *Sanborn* v. *French,* 22 N. H. 246, 249. A sale being a reasonable effort for the plaintiff to make, it was his duty to make it. By not making it, he would expose himself to a substantial legal danger of a suit on his own bond. His giving written notice of the sale was a necessary step in the performance of his duty. At the defendant's request, he forbore to make the sale, until, the time of sale fixed in the notice having passed, it was necessary for him again to post advertisements, if he resorted to a sale. At the defendant's request, he lost the expense of the notice he had given. This loss was a personal detriment to the plaintiff, a material change of his position, and a good consideration for the defendant's promise. *Farmer* v. *Stewart,* 2 N. H. 97, 100, 101; *Underhill* v. *Gibson,* 2 N. H. 352, 357, 358; *Sanborn* v. *French,* 22 N. H. 246, 248, 249; *Burr* v. *Wilcox,* 13 Allen 269, 272, 273; *Seaman* v. *Seaman,* 12 Wend. 381; *Pratt* v. *Humphrey,* 22 Conn. 317; *Harris* v. *Venables,* L. R., 7 Ex. 235; *Ockford* v. *Barelli,* 25 L. T. (N. S.) 504, 20 W. R. 116; *Willatts* v. *Kennedy,* 8 Bing. 5; *Cook* v. *Wright,* 1 B. & S. 559; *H. I. Co.* v. *Watson,* 59 N. Y. 390, 395.

The plaintiff's forbearance was not of a fraudulent prosecution of a claim known to be groundless, the abandonment of which would be no legal loss. *Wade* v. *Simeon,* 2 C. B. 548; *Stewart* v. *Ahrenfeldt,* 4 Denio 189. It was not a postponement of extortion, or a delay of a malicious proceeding, threatened or begun without probable cause. It was a forbearance of a legal and equitable right. 2 Kent Com. 465; 1 Parsons on Con. 439, 440, 441, 442.

The contract was not in fraud of the public revenue, nor contrary to public policy. The promise was not to indemnify a public officer for a violation of his duty, but to enable him to perform his duty of obtaining money justly due. The pecuniary responsibility or honorable character of the promisor might afford a valuable guaranty and cumulative remedy which the plaintiff might be justified in accepting. Whether, as matter of law, the plaintiff's official power of selling the land was or was not abdicated or suspended, his actual suspension of

the exercise of that power till the time for selling the land upon the notice had passed, although injurious to the plaintiff, does not appear to have been practically or theoretically adverse to the public interest.

Any want of fulness and precision in the averment of the facts can be remedied by amendment before the demurrer is disposed of at the trial term. *McDuffee* v. *Railroad*, 52 N. H. 430, 459. The legal ground of the plaintiff's case being settled, there will be no difficulty in making the declaration sufficient.

*Case discharged.*

Bingham, J., did not sit.