HORNE *v.* BANCROFT.

The provision of Gen. Laws, *c.* 10, *s.* 18, that the medical certificate re-
quired for the commitment of a person to the asylum for the insane
" shall be accompanied by a certificate from a judge of the supreme
court or court of probate, or mayor, or chairman of the selectmen, testi-
fying to the genuineness of the signatures and the respectability of the
signers," is directory.

TRESPASS, for false imprisonment.    Facts agreed.    The plain-
tiff was committed to the New Hampshire Asylum for the Insane,
of which the defendant was superintendent, July 12, 1879.    He
was brought there by his brother and one Haley, who, at the time
of his commitment, gave to the defendant the following paper:

" After due inquiry and personal examination of Charles E.
Horne, of Wolfeborough, made within one week prior to date, we
certify that he is insane and a fit subject for treatment at the New
Hampshire Asylum for the Insane.

> Edward S. Berry, M. D.
> Henry R. Parker, M. D.

Dover, N. H., 12th July, 1879."

" Having personal acquaintance with the signers of the
above certificate, I certify that the signatures are genuine and
the signers are reputable physicians.

> A. T. Pinkham.
> Annette L. Horne."

Neither of the signers of the last certificate was a judge of the
supreme court or court of probate, mayor of a city, or chairman of
a board of selectmen.    The defendant received the plaintiff into
his custody as an insane patient, and is not guilty of any assault,
battery, or imprisonment, except the detention of the plaintiff as
an insane patient until he escaped from the asylum.

The plaintiff offers to prove that he was not insane, was never

examined by the above named physicians or by any others, and was not properly treated or cared for during his confinement.

The defendant offers to prove that Horne was insane at the time of his commitment and during all the time he remained at the asylum; that he was properly treated and cared for; and that prior to and at the time of his commitment the defendant was personally acquainted with the genuineness of the signatures and the respectability of the signers of the medical certificate.

The court ruled that the last clause of *s.* 18, *c.* 10, Gen. Laws, providing that the certificate of two reputable physicians "shall be accompanied by a certificate from a judge of the supreme court or court of probate, or mayor, or chairman of the selectmen, testifying to the genuineness of the signatures and the respectability of the signers," is directory merely, and not in the nature of a condition precedent; and the plaintiff excepted.

*Copeland & Edgerly,* for the plaintiff.

*W. L. Foster* and *J. Kivel,* for the defendant.

SMITH, J.  "No person shall be committed to the asylum for the insane except by order of the court or the judge of probate, without the certificate of two reputable physicians that such person is insane, given after a personal examination made within one week of the committal; and such certificate shall be accompanied by a certificate from a judge of the supreme court or court of probate, or mayor, or chairman of the selectmen, testifying to the genuineness of the signatures and the respectability of the signers." G. L., *c.* 10, *s.* 18.

"Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly, and prompt conduct of the business, and by failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and if the act is performed, but not in the time or in the precise mode indicated, it may still be sufficient, if that which is done accomplishes the substantial purpose of the statute. But this rule presupposes that no negative words are employed in the statute which expressly or by necessary implication forbid the doing of the act at any other time or in any other manner than as directed." Cool. Con. Lim. 77, 78. "What provisions are to be deemed directory merely, must depend upon the nature and object of each regulation and the apparent intention of the legislature." *Converse v. Porter,* 45 N. H. 385. "When the provision of the statute is the essence of the thing required to be done, it is mandatory; otherwise, when it relates to manner and form." *Davis v. Smith,* 58 N. H. 16.

Tested by these rules, the second clause of *s.* 18 is directory. The section is divisible into two parts. The first clause is impera-

tive. It was intended for the protection of sane persons, and its observance is a condition precedent to the legal commitment of a person to the asylum. It was designed, by placing restrictions upon the power of commitment, to render it difficult, if not impossible, to confine in the asylum a person whose mental condition does not require treatment. He cannot be deprived of his liberty by commitment to the asylum without an adjudication of his insanity by the legally appointed tribunal. He is protected from unnecessary confinement by the provision that an inquisition into his mental condition shall be made by two reputable physicians qualified to make such inquiry.

When the superintendent is informed by the medical certificate that the adjudication of insanity has been made in conformity with the requirements of the statute, he has all the information on that point which was intended by the statute. The medical certificate is intended for his justification for receiving into his custody one whose condition is such that his safety, or the safety of others, may require that he should be restrained of his personal liberty. The certificate of a judge, mayor, or selectman would afford him no additional information on the question of sanity. The certificate required by the second clause is intended to inform the superintendent of the genuineness of the signatures and the respectability of the physicians. When he has this information from other sources, or has personal knowledge of the facts, the object of the statute is accomplished. His personal knowledge may be more satisfactory than the certificate of a stranger. When the person subjected to inquisition is not injured by some other and better mode of proving genuineness and respectability, and when the superintendent has all the information in some other way, it is not a reasonable construction of the statute to hold that he is liable for his omission to observe a useless formality.

There are no words in the clause under consideration to the effect that anything done contrary to its provisions shall be null or void. It contains no negative words, expressly or by implication, forbidding the acquisition of the information in any other mode; nor does it impose any penalty for neglect to comply strictly with its provisions. It provides merely for the form and manner of giving to the superintendent information as to the genuineness of the signatures and the respectability of the signers of the medical certificate. For these reasons we think the last clause of s. 18 is directory merely. *Johnson* v. *Dole*, 3 N. H. 328; *Hayes* v. *Hanson*, 12 N. H. 284; *Smith* v. *Bradley*, 20 N. H. 117; *Scammon* v. *Scammon*, 28 N. H. 419; *Gove* v. *Newton*, 58 N. H. 359; *Rex* v. *Loxdale*, 1 Burr. 445; Pott. Dwarris 221, 226 *n.*; Bish. Wr. L., ss. 254–256; *Shuttleworth's Case*, 9 A. & E. (N. S.) 651.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.