CHARLES S. HIGGINSON, Plaintiff, *v.* THE SECOND NATIONAL BANK OF THE CITY OF NEW YORK, Defendant.

*Discontinuance of an action and release of a disputed claim, valid — consideration necessary to sustain the release if the claim is not disputed.*

A release, where the subject-matter thereof is a disputed claim, will be sustained, although a release without consideration will not discharge a claim not in dispute.

An administratrix is not bound to go to trial in an action brought by her, if she ascertains that she has no real claim, and the rule is the same where a party makes or defends a disputed claim as trustee or as an individual only; and a release executed by the plaintiff, at the time of the discontinuance of the action, of the claim in dispute, will be enforced as having a good and valuable consideration.

EXCEPTIONS ordered to be heard at the General Term in the first instance, after a trial at the Kings County Circuit before the court and a jury, at which a verdict was rendered in favor of the defendant.

The action was brought to recover the sum of $1,710, with interest, which was on deposit with the Second National Bank to the credit of one J. B. Fuller, who, after the making of such deposit and about the 15th day of February, 1879, died intestate. Letters of administration upon his estate were granted to Sarah H. Burgess, who duly qualified as administratrix thereof, and thereafter, on the 10th day of September, 1886, assigned, transferred and set over to the above-named plaintiff the said sum of $1,710 on deposit with the defendant, together with all the right, title and interest of said estate and of said Sarah H. Burgess, as such administratrix, in and to the same.

The answer admitted that the money had been so deposited, but alleged, by way of affirmative defense that, about the 18th day of February, 1879, the defendant had paid out the said sum upon a check drawn upon it by said J. B. Fuller to the order of one H. B. Crosby, which was dated February 13, 1879, and was duly indorsed by said Crosby, at which time the defendant had no knowledge or information that the said J. B. Fuller was dead; and the further defense that an action had been commenced in the Superior

Court of the city of New York by said Sarah H. Burgess, as such administratrix, against the defendant for the recovery of said money, and that the controversy in said action, so commenced by said Sarah L. Fuller as administratrix as aforesaid, was thereafter, and on or about the 12th day of October, 1883, at said city of New York, in good faith fully settled and compromised by and between said Sarah L. Fuller, as such administratrix, and this defendant for a good and valuable consideration; and that said last-mentioned administratrix then and there made and executed under her hand and seal, and delivered for good and valuable consideration, moving from the defendant to said last-mentioned administratrix, a release by which she, for herself, as such administratrix, and her successors, remised, released and forever discharged the defendant and its successors from any and all claim, cause or causes of action which said Jim Billings Fuller in his lifetime, or she as his administratrix, ever had, then had, or which her successor or successors ever should have, against the defendant, including any such alleged cause of action as is set up in the complaint in this action, all of which will more fully and at large appear by reference to said release, a copy of which is hereto annexed as a part hereof, marked "B; and the defendant further alleges that said action in the Superior Court was thereupon discontinued.

*Edwin W. Sanborn*, for the plaintiff.

*John Notman*, for the defendant.

BARNARD, P. J.:

J. B. Fuller gave a check on the defendant's bank where he had a deposit just before his death, or some one forged his check on this bank for $1,710. The check was not presented at the bank until after Fuller's death. The check was presented in regular course of business and was paid by the bank in ignorance of the fact that Fuller was then dead. The payee of the check was H. B. Crosby. The check was dated February 13, 1879, and was paid February 15, 1879, by a deposit to Crosby on that day. Crosby had been in some sort of business relation with Mrs. Fuller after her husband's death. On the 24th of April, 1883, Mrs. Fuller, as administratrix of the deceased, brought an action to recover the $1,710 of the defendant.

The defendant denied the claim and the action was referred on the eve of trial.   The plaintiff then discontinued the action and executed a general release designed to extinguish the right of action.   This arrangement was perfected by an order discontinuing the action upon payment of costs to the plaintiff's attorney and referee.   This order was entered the 10th of October, 1883.   In the early part of that year the attorney for the bank had found out Mr. Crosby. He was a confidential adviser in some way of the administratrix, but claimed to have a demand against her for services and money paid. Mrs. Fuller had an individual claim also against Crosby.   Under this state of the facts the administratrix discontinued the suit and relinquished the claim against the bank.   Is the release good? There is no proof of fraud in procuring the release.   It is evident that the whole facts in respect to the check, as between the deceased, his widow and Crosby, are not known.   There seems to be no reasonable ground for a belief in the forgery of the check.   It was honorably given and paid in good faith in ignorance of the death of the giver of the check.   No doubt the family had the money, for the widow was late in bringing her action if it was a forgery.   At any rate the question of the bank's liability was an open one and was represented thus by Mrs. Fuller, who, with her daughter, was then supposed to be next of kin.   The release is good.   A disputed claim is the subject of a release.   (*Home Ins. Co.* v. *Watson*, 59 N. Y., 390.)   The administratrix was not bound to go to trial in her action if she knew that she had no real claim and put the estate to the costs of the defense.   The rule is the same where the party makes or defends a disputed claim as a trustee or an individual only.   In no case will a mere release, without consideration, discharge the claim, but a dispute as to the validity of the claim is both a good and valuable consideration to support a release.   (*Palmerton* v. *Huxford*, 4 Denio, 167 ; *Pierce* v. *Pierce*, 25 Barb., 243 ; *Wehrum* v. *Kuhn*, 36 Supr. Ct. 336 ; affirmed, 61 N. Y., 623.)

The exception should, therefore, be overruled and judgment given for the defendant upon the verdict, with costs.

PRATT, J., concurred.

Exceptions overruled and judgment for defendant on the verdict.