## SAMUEL ECKER vs. DANIEL BOHN.

*Pleading—Declaration on a Promise to pay the Debt of a third
person—Construction of the Bankrupt Act—Insufficient
cause of Action—Claim provable in Bankruptcy.*

A mere promise to pay the debt of a third person, without any new or super-
added consideration moving to the promisor from the plaintiff, is within
the Statute of Frauds, and to be binding, must be in writing, and must
state the consideration; but it is not necessary to allege in the declaration
that the promise is in writing; it is sufficient if that appear in proof at the
trial.

Before proceedings in bankruptcy have been commenced, a creditor may take
from a third person a contract, covenant or security for the payment of
money, as an inducement to forbear instituting proceedings in bankruptcy
against his debtor, without violating any provision of the Bankrupt Act, or
contravening public policy.

A promise to pay the debt of a third person, in consideration that his creditor
would abstain from instituting proceedings to have him declared a bankrupt,
furnishes no sufficient cause of action, the creditor having at the time the
promise was made, no right to proceed in bankruptcy against his debtor.

Mere liability as surety for a bankrupt, does not constitute a claim which may
be proved against him under the Bankrupt Act. The debt must be actually
paid by the surety before he has a claim provable in bankruptcy.

APPEAL from the Circuit Court for Frederick County.

This suit was instituted to recover from the appellant a
sum of money alleged to be due by Jacob S. Bohn to the
appellee. The amended *narr.* alleged that Jacob S. Bohn
was indebted to the plaintiff for money paid by the plain-
tiff for the said Bohn, and the same was well known to
the defendant; that said Bohn conveyed and transferred
his equitable interest in certain real estate lying in Fred-

erick County, to the defendant; that said Bohn at the time of such transfer and assignment was insolvent, and the same was well known to the defendant; that after the said conveyance and assignment, the plaintiff was about to institute proceedings in the District Court of the United State, for the District of Maryland, against the said Bohn, for the purpose of having and procuring the said Bohn to be adjudged and declared a bankrupt, and the said interest of the said Bohn in and to said real estate to be sold and the proceeds of the sale thereof to be applied to the payment of his debts, and amongst others, to the payment of the said debt of the said Bohn due to the plaintiff; and that the said defendant in consideration that the said plaintiff would abstain from instituting the proceedings aforesaid, undertook and faithfully promised to pay the said plaintiff the debt due to him as aforesaid by the said Bohn; that the plaintiff relying on the said promise and undertaking of the defendant, and in consideration thereof, did abstain from instituting said proceedings; but that the defendant refused although often requested so to do, to pay to the said plaintiff the said sum of money due from Bohn as aforesaid, according to the said promise and undertaking of the defendant in that behalf. The defendant demurred to the declaration. The Court overruled the demurrer and the cause proceeded to trial, during which sundry exceptions were taken; only one—the ruling of the Court on the prayers—need be particularly referred to.

The plaintiff offered the following prayers, which the Court (LYNCH, J.,) granted:

1. That if the jury shall find from the evidence that the defendant promised to pay the plaintiff's debt or any part thereof in the *narr.* mentioned, that the plaintiff was liable for a certain Jacob S. Bohn, upon a certain note to Nicholas Metcalfe, that said liability was upon the plaintiff at the time of said promise made, if the jury so find, that then the verdict of the jury must be for the plaintiff,

for the amount paid by him on account of Metcalfe's note, even though the jury should further find that the note for $150, eight months after date, payable, offered in evidence, was obtained from said defendant by fraud, violence or intimidation, if the jury should find such on the part either of the plaintiff or any agent of the plaintiff, if the jury should find that the plaintiff had any agent for the obtention of said note.

2.  That if the jury shall believe from the evidence that the defendant promised to pay the causes of action, or any of them proved by the plaintiff, subsequent to the making of the deed from Jacob S. Bohn to defendant, if the jury should so find said deed, and shall further find that the plaintiff paid said several causes of action, or any of them, and that the defendant has never paid the same to the plaintiff, that then the verdict of the jury must be for the plaintiff, even though the jury should further find that before the making of the said promise to pay the plaintiff, or at any other time the defendant had paid debts due by Jacob S. Bohn, which exceeded the value of the property conveyed to defendant by said Jacob S. Bohn, if the jury should so find.

The defendant offered nine prayers, of which only the following, which the Court rejected, need be set out:

3.  That if the jury shall believe, that at the time the promise was made by the defendant to pay the indebtedness of Jacob S. Bohn, that the consideration of said promise to pay the debts of Jacob S. Bohn by the defendant, was that the plaintiff on his part agreed with said defendant, not to institute proceedings in bankruptcy against the said Jacob S. Bohn; and shall further find that at the time of said promise and undertaking of said defendant, the said Jacob S. Bohn was indebted to the plaintiff in a less sum than the sum of two hundred and fifty dollars, paid and advanced by the plaintiff for the said Jacob S. Bohn, at his request, an amount insufficient

Ecker *vs.* Bohn.

to give jurisdiction to the District Court of the United States, for the District of Maryland, where said Jacob S. Bohn resided at the time of the alleged promise, in cases of involuntary bankruptcy, then the plaintiff is not entitled to recover in this action on the first count of the amended declaration, and their verdict must be for the defendant.

The verdict and judgment were for the plaintiff, and the defendant appealed.

The cause was argued before Bartol, C. J., Bowie, Grason, and Alvey, J.

*Charles W. Ross* and *James McSherry,* for the appellant.

It is well settled in Maryland, that to bind a party upon a *collateral* promise to answer for the debt or default of another, it is necessary under the Statute of Frauds, that the *consideration,* as well as the promise, should appear in writing. *Hutton vs. Padgett, et al.,* 26 *Md.,* 231. This is a collateral undertaking, and must be in writing. *Elder vs. Warfield,* 7 *H. & J.,* 395.

The principle of the Act is, "that where a man undertakes to do something which by law he is not bound to perform, it shall be reduced to writing. *Kirkham vs. Marter,* 2 *Barn. & Ald.,* 617.

The fact that the appellee had a right of action against Jacob S. Bohn, and was about proceeding in bankruptcy against him to recover the debt, and that the appellant promised to pay, in consideration of the appellee abandoning and abstaining from instituting said proceedings, does not constitute a new superadded consideration. This is settled by the cases of *Fish vs. Hutchinson,* 2 *Wilson,* 94; *Kirkham vs. Marter,* 2 *Barn. & Ald.,* 613, cited and approved in *Elder vs. Warfield; Watson vs. Randall,* 20 *Wend.,* 201.

Even though there is a good consideration for the promise, if the debt is still subsisting against the original

debtor, the promise must be in writing. *Simpson vs. Patton*, 4 *Johns.*, 421; *Jackson vs. Rayner*, 12 *Johns.*, 291.

The *narr.* alleges that Jacob S. Bohn was bankrupt within the meaning of the Act. If the debt was one, provable under the Act, (sec. 19,) then the appellee would have had the right to proceed, but if the bankrupt had been guilty of giving a preference or doing other of the acts enumerated in section 29 of the Act, he could not have been entitled to his discharge, and any creditor could oppose his discharge.

Jacob S. Bohn was the active party in procuring the promise as the evidence shows. But independently of that, the effect of the promise, no matter how procured, was to place the creditor in a position where he could not oppose the bankrupt's discharge. A contract producing that result is expressly declared to be void by section 35, of the General Bankrupt Act. And if void, cannot be made the foundation of a suit at law. *See Davis vs. Holding*, 1 *Mees. & Wel.*, 161, 165; *Ex parte Thompson*, 1 *Ves. Jr.*, 157; *Bruce vs. Lee & Mullikin*, 4 *Johns.*, 410.

Again the promise should be valid on the part of the appellant, that on the part of the appellee should also be binding and obligatory—they must be mutual. *Tasker vs. Wood*, 12 *Johns.*, 190; *Keef vs. Goodnell*, *Ib.*, 397; *Lamar vs. McNamer*, 10 *G. & J.*, 116. It must appear that the proceedings which the party agrees to forbear are well founded and sustainable. *Watson vs. Randall*, 20 *Wend.*, 201; 1 *Parsons on Contracts*, 365, 366; *Wade vs. Simeon*, 2 *Mann. Gran. & Scott*, 548, (52 *E. C. L. R.*); *Maull vs. Vaughan*, 55 *Ala.*, 134.

The appellee's prayers should have been rejected. The first prayer is defective in two respects. The first (being common to both prayers,) is, that it leaves the jury to find for the appellee upon a mere naked promise of the appellant, without regard to its being made in consideration of

forbearance. The second, that it changes the issue made by the *narr.*, and allows the jury to find for the appellee, although at the time the promise was made, the appellee had not paid these claims, upon which he was liable as surety.

The *narr.* alleges, that Jacob S. Bohn was indebted to the appellee for money paid and advanced by the appellee for the said Jacob, &c. The evidence of the appellee shows, that at the time of the promise he had not paid the money for which he was liable as surety. The prayer directs a verdict for the appellee upon a mere liability to pay at the time the promise was made—thus varying the issue made by the *narr.*—and thus holding, as matter of law, that a promise made by Ecker to pay the appellee, in consideration of the latter's forbearance to proceed in bankruptcy, was valid and a sufficient consideration, even though the appellee had not the lawful authority at the time of the promise to institute the proceedings in bankruptcy by reason of his not having paid the claim upon which he was surety for Jacob S. Bohn, and consequently, not having a provable claim against said Jacob, under the Bankrupt Act. *Bankrupt Law U. S., sec.* 19. Both prayers radically change the issues in the cause, and both permit the jury to find for the appellee upon a mere naked promise by the appellant to pay Bohn's debts, without the least regard to the question, whether that promise was made in consideration of a contemporaneous promise on the part of the appellee to forbear proceedings against Jacob S. Bohn. The jury is not left to find whether there was or was not a consideration of that kind; and they were not told by the prayers, that without some new or superadded consideration, the promise of the appellant to pay Bohn's debt was wholly void.

Under these instructions, the jury was at perfect liberty to find for the appellee upon proof of a promise by the appellant to pay Bohn's debts, without there being the

slightest evidence or the most shadowy pretence of any consideration whatever for the promise. Any promise by the appellee, with or without a consideration, to pay the debt of a third party, warranted under these instructions a verdict for the appellee. Any promise by parol, for the evidence, to which the prayers point, discloses only such, justified the jury in finding for the appellee, without reference to a sufficient consideration to support such an agreement. If the parol promise to pay the debt of another is good in law only when there is a new or superadded consideration taking it out of the provisions of the Statute of Frauds, it was manifest error to allow to the jury by these instructions the latitude to find for the appellee, without requiring them, as matter of fact, to find from the evidence some such consideration for the promise. The jury is not left to find, whether in point of fact a promise was made by the appellee to forbear, or whether the agreement of the appellant was predicated upon a forbearance to proceed in bankruptcy.

The appellant's third prayer should have been granted. Unless the appellee was in a position, under the provisions of the Bankrupt Act, to institute proceedings against Bohn his agreement to forbear instituting proceedings, which he could not legally institute, was an agreement not to do that which he had no right to do, and could not constitute a valid consideration for a promise of the kind alleged in this case.

Unless the appellee had a claim provable against Bohn, amounting to at least two hundred and fifty dollars, he was in no condition to do what he threatened. *Bankrupt Act, sec.* 3. The forbearance must be of a well founded claim. 1 *Parsons on Contracts*, 365, 366.

*Wm. P. Maulsby, Jr.* and *Milton G. Urner*, for the appellee.

The judgment of the Court upon the demurrer should be affirmed. The promise of the defendant was not with-

in the Statute of Frauds; it was an *original* and not a collateral undertaking and was not required to be in writing. The defendant had acquired an interest in the property conveyed to him, which he thought he was in danger of losing by the bankruptcy proceedings about to be instituted by the plaintiff, and in consideration that he should not be disturbed in the enjoyment of the interest thus acquired, and that the plaintiff would desist and forbear from prosecuting his claim, the defendant agreed, and promised to pay the plaintiff's claim. The promise was "in effect, to pay an amount of money, equal to the debt of Jacob S. Bohn to the plaintiff, in consideration of the benefit conceded to the promisor by the promisee's forbearing to interfere with his possession." *Thomas vs. Delphy*, 33 *Md.*, 378, *et seq.; Andre vs. Bodman*, 13 *Md.*, 254 ; *Elder vs. Warfield*, 7 *Har. & John.* 396.

If the consideration for the promise "spring out of any new transaction, or move to the party promising upon some fresh and substantive ground of a personal concern to the *promisor*," it is an original undertaking and not within the Statute of Frauds. *Roberts on Frauds*, 232 ; *Williams vs. Leper*, 3 *Burr.*, 1886 ; *Nelson vs. Boynton*, 3 *Met.*, 400 ; *DeColyar on Guar., &c.*, 97, *et seq.*

In this case the appellant held property that would have been taken from him but for his promise to pay. Jacob S. Bohn, who had been the principal debtor, had conveyed the only property out of which the plaintiff could make his claim to the defendant, and that he might hold on to the property the promise was made. The leading object of the appellant in making the promise, was not to pay the debt of Jacob S. Bohn, but to subserve and promote his own interest by retaining the property.

The objection that the promise sued upon is void, because of being in contravention of the bankrupt law is equally untenable. All the cases to be found upon this question, and where it has been decided that contracts in fraud of

the bankrupt law are void, are cases wherein the jurisdiction of the Bankrupt Court has already attached, and agreements have been made, that the law shall not be fairly and equitably executed. Such contracts have justly been held. to be frauds upon the bankrupt law. This case was very different; here there was no contract to control the operations of the Bankrupt Court—its jurisdiction had not attached, the plaintiff had only threatened, and was about to invoke its aid when the defendant stepped in and agreed, that if the plaintiff would *forbear to sue* in bankruptcy, he, the defendant, would pay the plaintiff's claim. No fraud upon the law or upon the rights of other creditors could possibly result from such an agreement. The rights of other creditors if there were such, were not affected by the agreement. The plaintiff was not bound to institute proceedings in bankruptcy, he could do so or forbear to do so, at his pleasure. An agreement to forbear to institute proceedings at law or equity to enforce a well founded claim is a valid consideration for a promise. 1 *Parson on Conts.*, 365, *et seq.* ; *Elting vs. Vandulyn*, 4 *John.*, 237 ; *King vs. Upton*, 4 *Greenl.*, 387 ; *Hamaker vs. Eberly*, 2 *Binney*, 506 ; *Pillans vs. VanMierop*, 3 *Burr*, 1673 ; *Jones vs. Ashburnham*, 4 *East.*, 463 ; *Chitty on Conts.*, 35.

It is not material that the party who makes the promise, in consideration of such forbearance, should have a direct interest in the suit to be forborne or be benefited by the delay, (1 *Pars. Con.*, 368,) *a fortiori* is the consideration for such a promise valid when the promisor has, or supposes he has a direct interest in the forbearance. "The arrangement contemplated a benefit to the defendant—was, in his view, such a transaction as that he might derive an advantage from his promise," and this is all the law requires. *Delphy vs. Thomas, 33 Md.*, 380.

GRASON, J., delivered the opinion of the Court.

This is an appeal from the Circuit Court for Frederick County, and the record shows the same looseness and

irregularity in the pleadings, which we have taken occasion to condemn in the opinion of this Court, filed at the present term in the case of *Norwood vs. The State, ante p.* 68. Trusting that what we there said of such practice will have the effect of remedying it, we shall proceed to consider such of the questions, presented upon the record, as we deem material to the decision of this case.

Upon the demurrer it was contended that the declaration was insufficient to justify a recovery, first, because it did not allege that the promise of the defendant to pay the debt of Jacob S. Bohn, was in writing, second, because the promise, as stated in the declaration, is in violation of the United States Bankrupt Law and against public policy, and third, because the declaration does not aver that Jacob S. Bohn had committed an act of bankruptcy, by reason of which omission it did not appear that the appellee had any right to file a petition in bankruptcy against him, the forbearance to file which is alleged as the consideration for the appellant's promise to pay Jacob S. Bohn's debt to the appellee.

1st. A mere promise to pay the debt of a third person, without any new or superadded consideration moving to the promisor from the plaintiff, is within the Statute of Frauds, and, to be binding, must be in writing, and must state the consideration. *Hutton vs. Padgett,* 26 *Md.,* 231. But it is not necessary *to allege in the declaration* that the promise is in writing. If it appear in proof at the trial to be in writing, it is sufficient.

2nd. The Bankrupt Act forbids any creditor or any other person as trustee for such creditor, to take from the bankrupt any contract, covenant or security, for the payment of any money as a consideration to induce the creditor to forbear opposing the application for the discharge of the bankrupt, and imposes penalties and forfeitures upon any creditor, who shall take such contract, covenant or security. But there is no provision in that Act which for-

bids the creditor to take from a third party such contract, covenant or security, as an inducement to forbear instituting proceedings against his debtor, for the purpose of having him declared a bankrupt. *Before any proceedings in bankruptcy have been commenced,* we have no doubt that any creditor may take such contract, covenant or security, from a third party as an inducement to forbear instituting proceedings in bankruptcy against his debtor, without violating any provision of the Bankrupt Act or contravening public policy.

3rd. The declaration alleges that Jacob S. Bohn was indebted to certain parties, that he was insolvent and unable to pay his debts, and had conveyed and transferred his real estate to the appellant, who had accepted the same without paying any consideration therefor. These facts, if true, constituted an act of bankruptcy on the part of Jacob S. Bohn and the statement of them in the declaration is equivalent to a direct allegation, that he had committed an act of bankruptcy. The demurrer was therefore properly overruled.

But while the declaration states a good cause of action, the record presents a state of facts which are conclusive against the appellee's right to recover in this action. The proof is clear and uncontradicted that, at the time the appellant made the promise stated in the declaration, the only debt, due by Jacob S. Bohn to the appellee, which was provable under the Bankrupt Act, was one hundred dollars. It is true that the appellee was at that time surety for Jacob S. Bohn on two other notes, one to Metcalf and the other to Pfoutz, but he expressly swears that he had paid neither of them at the time of the appellant's promise to pay their amounts to him, and that Metcalf's note was unpaid at the time of the trial of this case. The debts to Metcalf and Pfoutz, not having been paid by the appellee at the time of the appellant's promise, they were not provable by the appellee in bankruptcy under section

5070 of the Revised Statutes of the United States, which provides that any person liable as bail, surety, guarantor or otherwise for the bankrupt, who shall have paid the debt, or any part thereof, in discharge of the whole, shall be entitled to prove such debt, or to stand in the place of the creditor, if the creditor had proved the same, although such payment shall have been made after the proceedings in bankruptcy were commenced. It is clear, therefore, that the appellee held but one claim against Jacob S. Bohn, which was provable under the Bankrupt Act, at the time of the appellant's promise, and that was the note for one hundred dollars. It therefore follows that the appellee had no right, under the Bankrupt Act of 1867, chap. 176, to file a petition in bankruptcy against Jacob S. Bohn, for the 39th section of that Act provides "that a party may be adjudged a bankrupt, on the petition of one or more of his creditors, the aggregate of whose indebtedness, *provable under this Act*, amounts to at least two hundred and fifty dollars, provided such petition be brought within six months after the act of bankruptcy shall have been committed." It is plain therefore that the appellee had no right to proceed in bankruptcy against Jacob S. Bohn at the time the promise of the appellant, mentioned in the declaration, was made. To constitute forbearance to sue, a good consideration for a promise, there must exist, at the time of the promise, a good cause of action. If there be no good cause of action existing at that time, the promise is without consideration, and cannot be enforced, although it be in writing. 1 *Parsons on Contracts*, 365, and the authorities there cited in note c; *Wade vs. Simeon*, 52 *Eng. Com. Law Repts.*, 564, 565, *marg.; Jones vs. Ashburnham*, 4 *East*, 463; *Hartle vs. Stahl and Wife*, 27 *Md.*, 171.

The appellant's third prayer ought therefore to have been granted.

Both of the appellee's prayers were fatally defective, because they required the jury to find for the plaintiff upon

their finding only part of the facts necessary to be found in order to entitle the plaintiff to a verdict, and upon a promise, which, as stated in the prayers, was clearly within the operation of the Statute of Frauds. For these reasons as well as for those before stated, these two prayers ought to have been refused.

As the view we have taken of this case is conclusive against the appellee's right to recover, it becomes unnecessary for us to pass upon the questions raised by the exceptions taken during the progress of the trial, or by the appellant's rejected prayers.

*Judgment reversed.*