(Decided 21st June, 1883.)

Louis Schroeder and John H. Schroeder *vs.* William Fink.

*Insufficient consideration to support a Promise to pay—Nudum pactum.*

F. sued L. and J., and set out in the *narr.* as his cause of action that the father of the defendants, in his life-time was indebted to the plaintiff for money lent, on his promissory note for $500, and that after his death, the defendants agreed that if the plaintiff would deliver up to them the said promissory note, then due and unpaid, they would pay him $500; in consideration of which promise the said plaintiff did deliver up to said defendants the said note of their father; but the defendants did not pay the said sum of $500. The plaintiff stated in evidence, as the reason of the transfer of

the note of the father of the defendants, and the giving of theirs, that the defendants said if he would give them no trouble, they would be responsible for the money. The deceased left no estate out of which the note could have been paid; and it did not appear that at the time the plaintiff relinquished the note, any administrator of the personal estate of the deceased had been appointed. HELD:

That there was no legal consideration upon which the defendants could be held liable to pay the plaintiff's demand, their undertaking being *nudum pactum*.

APPEAL from the Court of Common Pleas.

This action was instituted by the appellee against the appellants. The case is stated in the opinion of the Court.

*Exception.*—The plaintiff offered the following prayer:

If the jury shall find from the evidence, that the plaintiff, in 1873, was the holder, for value, of a promissory note against Louis Schroeder, then deceased, the father of the defendants, and that he delivered up to said defendants said note against their deceased father, in consideration of the promise made by said defendants to said plaintiff, that they would be responsible to him for the money of said note; and if they further find, that the said defendants, or either of them, since said year of 1873, continued to promise to pay said plaintiff said money, and that at no time, since 1873, three years intervened between any of said promises, then their verdict must be for the plaintiff, for such amount as they may find to be due from said defendants to said plaintiff, under said promise.

The defendants offered twelve prayers, of which the following only need be inserted:

2. If the jury find from the evidence, that the said Louis Schroeder, deceased, left no assets out of which the claim of the plaintiff could have been paid, then there is no sufficient consideration to support the promise sued on in this cause, and the verdict must be for the defendants.

5. That there is no evidence in this cause of a sufficient consideration, to support the promise sued on in this case, and the verdict must therefore be for the defendants.

6. That if the jury believe from the evidence, that the agreement between the parties was, that if the plaintiff would not give defendants any trouble, they would pay the debt of their father, then their verdict must, under the pleadings in the cause, be for the defendants.

The Court (BROWN, J.) granted the prayer of the plaintiff, and rejected the foregoing prayers of the defendants. The defendants excepted, and the verdict and judgment being for the plaintiff, they appealed.

The cause was argued before MILLER, STONE, ALVEY, IRVING, and RITCHIE, J.

*M. R. Walter,* for the appellants.

*J. B. Wentz,* for the appellee.

RITCHIE, J., delivered the opinion of the Court.

The defendants' tenth prayer, asking the Court to instruct the jury that there was no evidence legally sufficient to enable the plaintiff to recover under the first or third count of the declaration, having been conceded, only the second count remains for our consideration.

As set out in this second count, the plaintiff's cause of action is, that the father of the defendants in his life-time was indebted to the plaintiff, for money lent, on his promissory note for $500, and that after his death, the defendants agreed that if the plaintiff would deliver up to them the said promissory note, then due and unpaid, they would pay him $500; in consideration of which promise the said plaintiff did deliver up to said defendants the said note of their father; but the defendants did not pay the said sum of $500.

Schroeder *vs.* Fink.

Whilst these are the averments of the count, the testimony of Fink, the plaintiff himself, relied on to sustain them, states, however, as the reason of the transfer of their father's note and the giving of theirs, that the defendants "said to me if I would give them no trouble they would be responsible for the money."

Such being the statement of the cause of action and of the proof adduced to sustain it, we do not deem it necessary in our view of the case to dwell upon any question presented but that of whether a sufficient consideration appears to hold the defendants liable.

There was no legal obligation whatever on the defendants to assume the payment of their deceased father's note, and consequently "no trouble" the plaintiff could have caused them; and the undisputed evidence shows there were no assets of the deceased's estate from which his note could have been realized. It, moreover, does not appear from the declaration, nor from the evidence, that at the time the plaintiff relinquished the note, that any administrator of the personal estate of the deceased, the only proper legal representative against whom the plaintiff could have brought suit, or could be the subject of a "forbearance to sue," had been appointed.

The question then arises, whether under these circumstances any benefit to the defendants or any loss to the plaintiff, in contemplation of law, resulted in the parting by the latter with the original note? It is apparent this question must be answered in the negative.

There being, therefore, no legal consideration whatever upon which the defendants could be held liable to pay the plaintiff's demand, their undertaking was simply *nudum pactum;* and it follows from this that the defendants' second, fifth and sixth prayers should have been granted instead of rejected, and on the other hand the plaintiff's prayer should have been refused. Among the authorities that might be cited in support of the view we

have taken of this case are *Jones vs. Ashburnham,* 4 *East,* 455 ; *Kaye vs. Dutton,* 7 *M. & G.,* 807 ; *Edwards vs. Baugh,* 11 *M. & W.,* 641 ; *Seaman vs. Seaman,* 12 *Wend.,* 381 ; 1 *Chitty on Con.,* 39, 46, and *note m,* and the following cases decided by this Court : *Busby vs. Conoway,* 8 *Md.,* 60 ; *Smith vs. Easton,* 54 *Md.,* 147 ; *Ecker vs. Bohn,* 45 *Md.,* 278, and *Hartle vs. Stahl,* 27 *Md.,* 173.

As no verdict should have been rendered against the defendants, the judgment will be reversed.

*Judgment reversed, and*
*new trial refused.*

(Decided 21st June, 1883.)