ALPHA STATE BANK, Appellant, v. JENNIE OSTRANDER et al., Appellees.

No. 41116.

JUNE 24, 1932.

Estey & Estey, for appellant.

M. M. Cooney and Hancock & Crawford, for appellees.

ALBERT, J.—Ed Ostrander, a resident of Fayette county, Iowa, died intestate November 4, 1924, leaving surviving him his widow, Jennie Ostrander, and two sons, C. E. and C. R. Ostrander, as his sole and only heirs at law. The Alpha State Bank was the holder of his promissory note in the sum of $1,800 and the First State Bank of Hawkeye held his note for $675. The Alpha State Bank purchased the $675 note from the First State Bank of Hawkeye prior to his death. On November 24, 1924, a written agreement was entered into between Jennie, Harold and C. E. Ostrander on one side and the Alpha State Bank on the other, in words and figures as follows:

"Whereas the Alpha State Bank now holds a note of $1800.00 against Edgar Ostrander, now deceased, and the First State Bank of Hawkeye, Iowa, holds a note of $675.00 against decedent, which note was transferred to said bank by the Alpha State Bank, and

"Whereas adjustments are being made of all the outstanding indebtedness of decedent without administration upon his estate, and

"Whereas there are no funds in the estate available for the payment of said items of indebtedness and the parties hereto desire to make an adjustment with a minimum of expense so as to preserve as much property as possible to the widow and children of decedent.

"Now therefore it is agreed that the aforesaid notes, totaling $2,475.00, shall be surrendered to the estate of decedent, and that Jennie Ostrander, widow of decedent, and Clyde Ostrander and Harold Ostrander, his sons, shall give a new note or notes for the same principal amount, payable to the aforesaid banks or to either of them as they may mutually agree, due in one year with interest at 6 per cent per annum, and that they further agree that the homestead of decedent, described as follows, to wit: Lot 1 (except the east 15 feet thereof) lot 2, and the east

half of lot 3, Hinkley's Addition to West Union, Fayette County, Iowa, shall be securing for the payment of said note, but that the principal amount thereof shall not be payable until the aforesaid real estate is sold and that pending the sale thereof, said note shall be extended from year to year.

"It is further agreed that when said real estate is sold that from the proceeds thereof there shall first be paid the full amount of the note or notes of the said Jennie Ostrander, Clyde Ostrander and Harold Ostrander, hereinbefore referred to, and this contract shall be security for the faithful performance of this contract by all of the parties hereto."

Pursuant to this agreement, a promissory note was made of even date with said contract, payable to the order of the Alpha State Bank in the sum of $2,475.00, with six per cent interest annually until due and eight per cent annually after due. It was payable one year after date and was signed by Jennie, C. E. and H. R. Ostrander. This is the note sued on in this action.

The petition prays for judgment on this note and the foreclosure of the contract, and sale of the premises described in said contract.

Among other defenses, the defendants plead want of consideration.

Plaintiff introduced the contract and note in evidence with added parol testimony showing several demands for the payment of said note and a promise at different times by some of the parties signing the same that it would be paid, and rested. The defendant moved for a dismissal of plaintiff's petition in a motion containing seven grounds, three of which refer to a plea on the part of the defendant of want of consideration.

The theory of the defendant,—which was adopted by the court in the sustaining of this motion,—was that there was no consideration for the signature of the defendants to said note, in that on the death of the said Ed Ostrander his estate was bankrupt and insolvent, and, therefore, this new note which was made and turned over to the bank in return for the two notes then held by the bank was wholly without consideration. The question is as to the correctness of this ruling by the court.

The only Iowa case we have called to our attention bearing

on this question is Mohn v. Mohn, 181 Iowa 119. In that case the surviving widow gave her note for $1,050 in payment of three $350 installments of indebtedness alleged to be owing by her deceased husband in the years 1905, 1906 and 1907. This note was given to the administrator of her husband's estate. The record shows that the said estate was entirely solvent, and we there held that forbearance to make a claim against the estate or surrendering the notes against her dead husband for her own note seemed to us to be sufficient to support the new note. We there said:

"Moreover, it appears nowhere that, whatever was the relation of the personal property to the debts, there was not land left which, if sold to pay the notes of Elizabeth (the widow) and her claim for the rent of 1906, would not have diminished, or have led to the selling of lands left by the husband."

The phase of the question we have under consideration here is therefore not controlled by the Mohn case.

Outside of our jurisdiction, the question seems fairly well settled on the rule that the surrender of notes evidencing indebtedness executed by the husband who left no estate is not a sufficient consideration for a note executed by the widow in return therefor. The only property shown in the evidence left by the deceased was $22 in cash and the homestead property described in the contract; and the latter, being a homestead, was not subject to the payment of his debts.

In the case of Schroeder v. Fink, 60 Md. 436, the deceased left no estate. His two sons promised to pay $500 for the surrender of a $500 note of the father. The court held that the promise of the sons was not a consideration and was *nudum pactum*.

In Sykes v. Moore, 76 So. (Miss.) 538, the court held that a note by a widow for the settlement of her deceased husband's debts, where the husband left no estate, was without consideration and void.

In Paxson v. Nields, 20 Atl. (Pa.) 1016, it is held in substance that a note given by a widow for the payment of debts due from her deceased husband's estate, which estate is insolvent, is void in law without a new consideration, and such consideration will not be raised by an agreement on the part of

the creditor that the note will be renewed from time to time after maturity. See also Gilbert v. Brown, 97 S. W. (Ky.) 40; Home State Bank v. DeWitt, 245 Pac. (Kans.) 1036; Ferrell v. Scott, 42 Am. Dec. (S. C.) 371; Sponhaur v. Malloy, 52 N. E. (Ind. App.) 245; Jones v. Ashburnham, 4 East (Eng.) 455; Newman & Snell's State Bank v. Hunter, 220 N. W. (Mich.) 665.

The underlying theory of the above line of cases is that where the decedent was intestate and his estate insolvent, the widow and heirs would receive no benefit or advantage whatever therefrom, and they had no interest whatever therein, and their signing new notes in exchange for notes outstanding made by the decedent alone, inured in no way to their benefit and advantage; hence there was no consideration therefor.

We turn now to the record in the instant case and find that the plaintiff sued on the promissory note involved and asked enforcement of the contract which we have heretofore set out. The defendants answered and set out the history of the origin of the contract and note (which we have heretofore set out) and pleaded want of consideration against both the note and contract, basing such plea on several grounds, among which was the fact that the estate of Ed Ostrander was insolvent. The plaintiff introduced the note and contract and offered certain testimony, and, of course, by the introduction of its note and contract made a prima-facie case. The defendants offered no testimony, and if they have met such prima-facie case, their defense must be found in the pleading and evidence of the plaintiff. It is the claim of the defendants that their plea of want of consideration by reason of the insolvency of the estate of Ed Ostrander is proven by the plaintiff, and they rely wholly on the statements in the contract, heretofore set out, and especially on that provision which says, "whereas there are no funds in the estate available for the payment of such items of indebtedness."

In the case of Miller v. Bradish, 69 Iowa 278, we discussed the word "funds" and said:

"But it is quite clear that it has a broader meaning, and, in some cases, should be construed to include property of every kind, when such property is specially contemplated as something to be used or applied in the payment of debts."

568

The same line of thought is carried in the following cases: Broadway Bank v. McGee Creek, Levee & Drainage District, 127 N. E. (Ill.) 165; Doane v. Millville Mut. Ins. Co., 43 N. J. Eq. 522; In re Tatum, 70 N. Y. S. 634; Illinois Christian Missionary Soc. v. American Christian Missionary Soc. (Ill.), 115 N. E. 118; Parsons v. Armor, 7 L. Ed. (U. S.) 724; Kratz v. Slaughter's Ex'rs., 214 S. W. (Ky.) 878; 27 C. J. 926.

However, in construing the term "funds" or "available funds," it must be construed by us in the light of the fact situation. When we turn to the record in the instant case we find that there was introduced in evidence certain correspondence between a firm of attorneys and the bank relative to certain bank stock belonging to the Ostrander estate which was to be turned over to the bank; and also, reference is made to $630 paid by the bank on a $9,000 mortgage of Ed Ostrander to N. W. Smith. This would indicate that the term "available funds," as used in this writing, is not to be construed as including property of every kind and nature in the estate.

The burden of proof was on the defendants to prove the defense made of want of consideration based on the insolvency of the Ed Ostrander estate, and as stated, they introduced no evidence whatever on that proposition, but relied wholly on the case as made by the plaintiff. Under such circumstances, the conclusion must be reached that the defendants did not sustain the defense of want of consideration; hence the court erred in its ruling, and the case is—Reversed.

WAGNER, C. J., and STEVENS, FAVILLE, DE GRAFF, KINDIG, EVANS, and GRIMM, JJ., concur.