PAULINE MILLER, ET AL. *v.* HAVRE DE GRACE
BANKING & TRUST COMPANY

[No. 157, October Term, 1945.]

 

 

 

 

*Decided July 23, 1946.*

The cause was argued before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*William S. James*, with whom were *Robinson & Fahey* on the brief, for the appellants.

*Lee I. Hecht* and *Isaac Hecht* for the appellees.

COLLINS, J. delivered the opinion of the Court.

Appellee, the Havre de Grace Banking and Trust Company, a body corporate, filed a bill of complaint in the Circuit Court for Harford County against Pauline Miller and the Citizens National Bank of Havre de Grace, a body corporate, appellants here, making substantially the following allegations.

On December 28, 1932, it obtained a judgment against one A. Hamlin Carver in the amount of $479.26 with costs, the judgment to bear interest until paid. At the time this judgment was obtained, the said A. Hamlin Carver owned two pieces of real estate in the city of Havre de Grace. On April 8, 1940, Carver conveyed these properties to the Citizens National Bank of Havre de Grace, one of the appellants here, without satisfying this judgment. On July 13, 1943, a writ of *scire facias* was issued at the order of the appellee to renew this judgment for a period of twelve additional years, and the proceedings were duly completed. On April 19, 1945, a writ of *fieri facias* was issued on the judgment and a levy was made on the real estate hereinbefore mentioned. Subsequently appellee's counsel was approached by Pauline Miller and by representatives of the Citizens National Bank of Havre de Grace and various conferences were held for the purpose of settlement of appellee's judgment. Finally an agreement was reached whereby the judgment was to be settled and satisfied by the Citizens National Bank of Havre de Grace paying to appellee the sum of $300 previously paid it by Pauline Miller in part payment for one of the lots, and by Pauline Miller paying appellee an additional sum of $300.

On May 23, 1945, counsel representing Pauline Miller advised appellee's counsel by letter that the settlement heretofore agreed upon could not be carried through because two small judgments totaling about $75 had been

found against A. Hamlin Carver, and further because in the renewal of the judgment against A. Hamlin Carver appellee failed to make either of the appellants parties as *terre tenants*, and that therefore a motion would be filed to quash the aforesaid *fieri facias* proceedings. Upon receipt of the letter dated May 23, 1945, appellee's counsel communicated with Pauline Miller's counsel by telephone and these two counsel reached an agreement whereby the appellee was to accept $479.26 and costs in the amount of $19.25 and the judgment was to be satisfied. This agreement was evidenced by a letter written on May 24, 1945, by counsel for appellee to counsel for Pauline Miller, one of the appellants, and filed as Exhibit "C". The letter was not addressed to the other appellant, the Citizens National Bank of Havre de Grace, but contained the following statement, "I naturally assume that you will arrange with the representative of the Citizens National Bank to have the executed Deed at the above referred to meeting so that th matter can be concluded when we meet." The bill alleges "that it will be noted by reference to complainant's Exhibits 'A', 'B', and 'C' that no complaint whatsoever was made by the Citizens National Bank of Havre de Grace as to the settlement, they being willing to pay the money which they had on deposit to the credit of Pauline Miller to your complainant in consideration of the settlement of the judgment of your complainant versus A. Hamlin Carver heretofore mentioned, and in further consideration of the release of any claim which your complainant had on the real estate heretofore mentioned * * *."

An appointment was made by appellee's counsel with Pauline Miller's counsel to consummate the transaction at a certain time and place and Pauline Miller came to the appointed place at the appointed time and stated that she was ready and prepared to carry through her part of the settlement. Although the appellee has always been ready, willing, an able to carry out the agreement evidenced by its letter of May 24, 1945, the appellee is advised that the Citizens National Bank of Havre de Grace

is unwilling to comply with the terms and conditions of the agreement.

The bill prayed that the agreement made on May 22, 1945, as amended by the further agreement made on May 24, 1945, be specifically enforced and that the Citizens National Bank of Havre de Grace be required to pay to the appellee the funds it had on hand to the credit of Pauline Miller, and that Pauline Miller be required to pay unto appellee the difference between the amount paid by the Citizens National Bank of Havre de Grace and the amount of the judgment and costs, waiving any interest, namely, $214.89, as agreed to by counsel for Pauline Miller and accepted by Pauline Miller. The prayer also asked for further relief.

Seperate demurrers were filed by each of the appellants to this bill of complaint. On August 29, 1945, the Chancellor sustained the demurrers and made the statement, "Bill does not lie at this time. Should the Complaint show loss later, then will consider on the facts presented. Bill retained."

Subsequently, on January 2, 1946, the appellee filed in this case a petition in the nature of a supplemental bill in which was recited the filing of the original bill of complaint, the filing of the demurrers, and the order of the Chancellor on the demurrers. Further, that Pauline Miller, one of the appellants, filed a motion to quash the writ of *fieri facias*. Further, the Court (in law) on or about the 6th day of December, 1945, granted the motion of the appellant Pauline Miller. Further, "That at the hearing on the motion of Pauline Miller held on or about the 29th day of November, 1945, it was proven that Pauline Miller, one of the Defendants in the above entitled matter, had on deposit with Citizens, the other Defendant in the above entitled matter, the sum of $299.50, and it was further proven that the said sum had been deposited by the Defendant, Pauline Miller, with the Defendant, Citizens, for the purpose of purchasing the property described in Paragraph 2, Sub-Paragraph (a) of the bill of complaint in this matter." It further alleged that the appellee had

sustained a loss by the quashing of the writ of *fieri facias* and asked the Chancellor, in accordance with the ruling made on the 29th day of August, 1945, that it should be paid the sum of $299.50 heretofore referred to.

The petition prayed the passage of an order directing the appellants to pay the sum of $299.50 and that appellants comply with such orders as may be passed. Separate demurrers were filed by each of the appellants to this so-called petition.

The following order was then passed by the Chancellor, "* * * said Demurrers having been heard and overruled on the 13th day of February, 1946, with leave granted to the Defendants to further answer within ten days from the 13th day of February, 1946, and no answers having been filed it is this 1st day of March, 1946, ordered by the Circuit Court for Harford County (in Equity) that the Defendants, the Citizens National Bank, a Body Corporate, be and it is hereby Ordered to pay to The Havre de Grace Banking and Trust Company, a Body Corporate, the sum of $299.50, and that the Defendant, Pauline Miller, be and she is hereby ordered to consent to the payment of the aforesaid sum, and further, that the Defendants pay the costs of this proceeding." From that order the appellants appeal.

The order from which the appeal was taken had no reference to either the original or supplemental bill. Although money was ordered to be paid in settlement of an uncollectable lien, there was no direction that the lien be released upon payment.

The order should be reversed for many reasons.

The original bill of complaint does not allege a binding agreement on the part of the appellant, the Citizens National Bank of Havre de Grace. According to the allegations of the bill the alleged agreement of May 22, 1945, was superseded by the alleged agreement of May 24, 1945. According to the allegations of the bill as shown by exhibit "C", being the letter of May 24, 1945, from the solicitor for appellee to the solicitor for Pauline Miller, the appellant, the Citizens National Bank of Havre de Grace,

was not a party to this agreement. Only an assumption was made by appellee's counsel that the arrangements would be satisfactory to the Citizens National Bank of Havre de Grace. Any information to that effect came from the counsel for the other appellant, Pauline Miller. This letter does not show that the Citizens National Bank of Havre de Grace made any agreement through its counsel or other representative to turn over the money on deposit to the credit of Pauline Miller, to appellee. In order for the appellant, Citizens National Bank of Havre de Grace to be bound by the agreement it must, of course, have been a party and entered into the agreement. According to the allegations of the bill and the exhibits the appellant, Citizens National Bank of Havre de Grace did not enter into this alleged agreement of May 24, 1945, and is therefore not bound thereby. The petition, in the form of a supplemental bill, in no way alleges an enforceable agreement on the part of the Citizens National Bank of Havre de Grace.

The original and the supplemental bills allege agreements on the part of Pauline Miller to pay a judgment on which a lien had been obtained on property being purchased by her. Before the transaction was completed the lien was stricken out against the property being purchased by Pauline Miller. This was not a judgment against her personally. Therefore there was no consideration to support the agreement of Pauline Miller. It is alleged that this agreement was made for the purpose of releasing the lien of the judgment held by appellee. As the appellee's lien against this property was stricken out, it had no lien against the property and there was an utter failure of consideration for the promise of the appellant Pauline Miller, even if such a promise had been established. According to the allegations, this case was nothing more than an attempt to enforce an agreement to compromise an uncollectable lien. *Ecker v. Bohn*, 45 Md. 278; *Smith v. Easton*, 54 Md. 138, 147, 148, 39 Am. Rep, 355. Obviously, as the money had been deposited with the appellant, Citizens National Bank of Havre de Grace, by

the appellant Pauline Miller, the Citizens Bank could not pay the money without the consent of Pauline Miller, and as there was no consideration to Pauline Miller, her consent to the payment could not be compelled and therefore the Citizens Bank could not pay the money to the appellee, as ordered by the Chancellor.

A court of equity may retain a bill of complaint for a time in order to give the parties an opportunity to have the legal question decided at law. Miller's Equity Procedure, Section 258, Page 322. In this case, as above set forth, the Chancellor sustained the demurrers to the original bill but retained the bill. It is provided by General Equity Rule No. 19, "If upon hearing, any demurrer shall be allowed, the Court may, in its discretion, upon motion of the plaintiff, allow him to amend the bill upon such terms as it shall deem to be reasonable." No motion was made by the complainant to amend the bill and no order obtained. Therefore, the action of the Chancellor in sustaining the demurrers was a final order and put that bill out of court. The Chancellor could not at the same time sustain the demurrers to the whole bill and still retain it.

In this case the only thing before this Court is the petition in the nature of a supplemental bill. After the original bill was retained, the supplemental bill recites that it was decided at law that the appellee had no legal right against the property in question under the judgment, and the supplenmental bill was nothing more than an attempt, after losing the case at law, to collect in equity a lien on specific property after the lien at law had been stricken out as to that property. It was therefore an attempt in equity to collect a lien on a judgment which had been stricken out at law. The lien, having been stricken out at law, there was no further remedy for appellee on that judgment against the property being sold. The Chancellor had no authority to make any order as to either appellant and the order must therefore be reversed.

*Order reversed and bill of complaint dismissed, with costs to the appellants.*